IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ILLYA LEE ROWLAND #20110825221, )
)
        Plaintiff, )
)
v. ) No. 11 C 7347
)
RICHARD ARROYO #14936 and )
CHICAGO POLICE DEPARTMENT, )
)
        Defendants. )

## MEMORANDUM ORDER

Illya Lee Rowland ("Rowland") has used the form of Complaint made available by the Clerk's Office for use in actions brought under 42 U.S.C. §1983 ("Section 1983") to charge Richard Arroyo ("Arroyo") and the Chicago Police Department ("Department") with violations of his rights. Because Department is not a suable legal entity it is dismissed from this action, and this memorandum order will go on to deal solely with Arroyo as a targeted defendant.

But before that is done this Court must address Rowland's In Forma Pauperis Application ("Application"). With Rowland having been detained at the Cook County Department of Corrections ("County Jail") since late August, that calls for this Court to make the determination provided for in 28 U.S.C. §1915 ("Section 1915"). From the printout of Rowland's trust fund account there attached to the Application, it appears that the average monthly deposits during his short stay (see Section 1915(b)(1)(A)) amounted to $70, thus requiring an initial partial filing fee

payment of 20% of that amount or $14 (id.). Accordingly the Application is granted to the extent that Rowland need not pay the full $350 filing fee in advance, although he must pay the entire fee in current and future installments.

Rowland is therefore assessed that initial partial payment of $14, and the County Jail's trust fund officer is ordered to collect that amount from Rowland's trust fund account and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention:  Fiscal Department

Both that initial payment and all future payments called for in this memorandum order shall clearly identify Rowland's name and the 11 C 7347 case number assigned to this action.  To implement these requirements, the Clerk shall send a copy of this memorandum order to the County Jail's trust fund officer.

After such initial payment, the trust fund officer at the County Jail (or at any other correctional facility where Rowland may hereafter be confined) is authorized to collect monthly payments from Rowland's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid.

To turn to Rowland's Complaint, its Part III.H recites that he was told by his public defender "that this was an issue for civil court"--but the only Statement of Claim set out in Complaint Part V assigns no dates at all to Arroyo's asserted violations of Arroyo's constitutional rights by falsifying police reports and lying under oath--all that Rowland refers to is April 1, 2008, which was apparently the date that led to his arrest.

Because Section 1983 has a two-year statute of limitations, this action cannot proceed in its present form. Accordingly the Complaint is dismissed, but without dismissal of the action itself. Rowland is granted until November 7, 2011 to file a self-contained Amended Complaint that will provide enough information to see whether (1) the conduct engaged in by Arroyo arguably violated Rowland's constitutional rights and (2) if so, whether this action is or is not time-barred. If Rowland does not file such a pleading, this Court will be constrained to dismiss the action as well on limitations grounds.[1]

_____
Milton I. Shadur
Senior United States District Judge

Date: October 19, 2011

---

[1] What has just been said in the text does not affect Rowland's obligation to pay the full filing fee in installments, something that has been triggered by his institution of an attempted lawsuit.

3