```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF ILLINOIS
                    EASTERN DIVISION
```

ILLYA LEE ROWLAND #20110825221, )
                                )
            Plaintiff,          )
                                )
    v.                          )    No.  11 C 7347
                                )
RICHARD ARROYO #14936 and       )
CHICAGO POLICE DEPARTMENT,      )
                                )
            Defendants.         )

## MEMORANDUM OPINION AND ORDER

This Court's three-page October 19, 2011 memorandum order ("Order") addressed several aspects of the pro se Complaint in which Illya Lee Rowland ("Rowland") sought to charge Richard Arroyo ("Arroyo") and the Chicago Police Department ("Department") with violations of his constitutional rights:

    1. Because Department is not a suable legal entity, Order at 1 dismissed it as a defendant.

    2. Rowland's In Forma Pauperis Application was granted in Order at 1-2 to the extent that he is not obligated to pay the $350 filing fee up front, but requirements and procedures were established for his payment of the entire fee in current and future installments.

    3. Because Rowland's Complaint had not revealed definitively whether or not any claim against Arroyo was barred by the two-year statute of limitations application to actions under 42 U.S.C. §1983 ("Section 1983"), Order at 3 dismissed the original Complaint but not this action.

Instead Rowland was granted until November 7 to file an Amended Complaint that would effectively address the time-bar question.

Now Rowland has timely submitted two handwritten documents that clarify the matter--one that he has captioned "Malicious Prosecution" and the other setting out the same factual account and labeled "Amended Complaint." What Rowland has now made plain in both documents is that the only actions ascribable to Arroyo as potential constitutional violations that could trigger Section 1983 liability occurred (1) in April 2008 (and thus involved conduct plainly barred by limitations) and (2) on October 19, 2010. In that latter respect Rowland asserts, and this Court accepts for present purposes, that Arroyo lied under oath during Rowland's bench trial on that 2010 date.

Unfortunately for Rowland's claim, it has been settled law for nearly three decades that any witness during a criminal trial is absolutely immune for Section 1983 purposes as to any claim stemming from his or her testimony, even if the testimony is perjurious and even if that witness is a police officer (as is the case here and as was also true in the seminal Supreme Court decision in Briscoe v. LaHue, 460 U.S. 325 (1983)). That being the case, Rowland has no viable Section 1983 claim.[1]

---

[1] Rowland's current filing also states his belief that his Fifth Amendment rights were violated because his car was taken away and not returned to him when he was found not guilty in the

2

This action is therefore dismissed with prejudice.  Despite this dismissal, Rowland remains liable for the $350 filing fee.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 8, 2011

---

bench trial.  Although his reference to the Fifth Amendment is mistaken, this opinion does not concern itself with that shortcoming, for nothing suggests that Arroyo--Rowland's only targeted defendant--made that determination.